UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------)
JOE COLEMAN,                                                     )
                                                                )
                                        Plaintiff,              )   Civ. Action No. _____
                                                                )
                        against                                 )   Jury Trial Requested
                                                                )
HOME BOX OFFICE, INC. and                                       )
HBO Films,                                                      )
                                                                )
                                        Defendants.             )
------------------------------------------------------------------------)


**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Joe Coleman, by his attorneys, Katherine Daniels LLC and the Law

Offices of Stacey Richman, for his complaint against Defendant Home Box Office, Inc.

and HBO Films ("HBO"), alleges as follows:

**JURISDICTION AND VENUE**

1.  This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

2.  This Court has jurisdiction under 17 U.S.C. §101 et seq., 28 U.S.C. § 1331,

and 28 U.S.C. § 1338(a).

3.  This Court has personal jurisdiction over the Defendants and venue in this

District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that the

Defendants conduct business in this District and the acts of infringement complained of

occurred in this District.

<u>PARTIES</u>

4.   Plaintiff Joe Coleman is an individual residing in Brooklyn, New York.

5.   Defendant Home Box Office, Inc. is a corporation duly organized under the laws of the State of Delaware with a principal place of business at 1100 Avenue of the Americas, New York, New York.

6.   Plaintiff is informed and believes that Defendant HBO Films is a division of Defendant Home Box Office, Inc.

<u>FACTUAL BACKGROUND</u>

7.   Plaintiff Joe Coleman is a world-renowned painter, writer and performer.  He has exhibited his work for decades in major museums throughout the world, including exhibitions at the Palais de Tokyo in Paris, the Kunst-Werke Institute for Contemporary Art in Berlin, the Barbican Center in London, Tilton Gallery and Dickinson Gallery in New York.  He was recently featured in the ground-breaking "*Unrealism*" show in Miami presented by Jeffrey Deitch and Larry Gagosian.  Coleman was the subject of an award-winning feature length documentary, *Rest in Pieces: A Portrait of Joe Coleman* (1997). He has appeared in acting roles in films such as Asia Argento's *Scarlet Diva* (2000) and the *Cruel Tale of the Medicine Man* (2015).  He resides in Brooklyn, New York.

8.   The exclusive ability to license his paintings for use in movies and television shows is an important source of revenue for the Plaintiff.

9.   In or around the fall of 2017, Plaintiff first learned that that his work entitled *No One Can Enter the Lord's House Except as a Child (Slenderman) 2014* (the "Work") was featured prominently in Defendants' documentary film entitled *Beware the Slenderman* (2016) without his knowledge or consent.

2

10.     Defendants' use of the Work is very prominent and appears to be intentional.  The camera focuses exclusively on the Work, spending more than a minute scanning the intricate details of the painting from bottom to top, without alteration in full screen-focus.  The documentary goes on to misrepresent Plaintiff's valuable painting as an example of "Slenderman fan art" and readily available on the Internet.

11.     Had the Defendants sought permission to use the painting, Plaintiff would have advised them that his famous painting is not an example of Slenderman fan art.  It is a serious painting by an accomplished painter of subject matter that probes the complexities of the human psyche and it is <u>not</u> available for unauthorized copying or use on the Internet.

12.     Had the Defendants sought permission Plaintiff also would have insisted upon receiving a credit, as is standard when proper rights clearance protocols are followed.  The absence of a credit reinforces the false message that the Work is Internet "fan art."

13.     The absence of a credit not only induces third-party infringement, it also deprives Plaintiff of attribution and publicity.

14.     Defendants' commercial use of the Work was never authorized by Plaintiff.   Defendants' unauthorized use not only usurped Plaintiff's exclusive right to license the Work for use in this HBO program, it created the false impression that others can freely use the Work on the Internet and on commercial television without first getting permission.  This false impression dramatically lessens the market for the Work.

15.     Soon after learning of the infringement, Plaintiff, through counsel, sent a letter to Defendant on December 5, 2017 demanding that Plaintiff receive compensation

for the unauthorized use of his Work.  Plaintiff's counsel had several conversations and email exchanges with counsel for Defendants, but the parties were unable to settle the matter.

**COUNT I**

**INFRINGEMENT OF COPYRIGHTS**

16.  Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

17.  Plaintiff is, and at all relevant times has been, the owner of the exclusive rights under United States Copyright Act of the copyrighted Works identified in Exhibit 1, which are the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

18.  Among the exclusive rights granted to Plaintiff under the Copyright Act is the exclusive right to reproduce and license others to reproduce all or portions of the Works and use those reproductions in commercial television shows.

19.  Defendants, without the permission or consent of Plaintiff, made or caused to be made reproductions of all or significant portions of the Works and used them in *Beware of the Slenderman*, which is distributed world-wide to more than 125 million subscribers of HBO's satellite and cable television service.  *Beware of the* Slenderman is also available on YouTube and other Internet services.

20.  Defendants' actions constitute infringement of Plaintiff's exclusive rights under the Copyright Act.

21.     Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, with disregard and indifference to the rights of Plaintiff.

22.     As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

23.  Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendant from further infringing Plaintiffs' copyrights and ordering Defendant to destroy all copies of the Work made in violation of Plaintiff's exclusive copyrights.

## COUNT II

## CONTRIBUTORY INFRINGEMENT

24.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

25.     By misrepresenting Plaintiff's Work as an example of Internet "fan art", Defendants induced, caused or materially contributed to infringement of the Work by third parties.

26.     Defendants knew of and substantially participated in the unauthorized use of the Work by third parties and their misrepresentation of the Work is substantial and bears a direct relationship the infringing acts of third parties.

27.     Plaintiff is informed and believes that the foregoing acts have been willful and intentional, with disregard and indifference to the rights of Plaintiff.

28.     Defendants' conduct has caused Plaintiff to suffer loss in an amount equal to the full extent of recoverable damages pursuant to 17 U.S.C. § 504 of the Copyright Act and his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.  For an injunction providing:  "defendant is hereby enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in the Work and other artwork, whether now in existence or later created, that is owned or controlled by Plaintiff (collectively "Plaintiff's Artwork") except pursuant to a lawful license or with the express permission and authority of Plaintiff.  Defendant shall also destroy all copies, in any and all media in which they exist, of Plaintiff's Artwork in Defendant's possession, custody or control, including, without limitation, all existing copies of the *Beware the Slenderman* documentary and make all reasonable efforts to remove it from the marketplace.

2.  For damages for each infringement Plaintiff's Artwork pursuant to 17 U.S.C. § 504.

3.  For damages for induced infringement pursuant to 17 U.S.C. § 504.

3.  For Plaintiff's costs in this action.

4.  For Plaintiff's reasonable attorneys' fees.

5.  For such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              June 12, 2018

KATHERINE DANIELS, LLC

*Katherine J. Daniels*

_____
Katherine J. Daniels, Esq.
60 June Road, Suite 202
North Salem, New York 10560
914-485-1505
914-886-8198 (cell)
kdaniels@katherinedanielsllc.com

Stacey Richman
Law Office of Stacey Richman
Of Counsel

7