

September 17, 2018

The Hon. Margo K. Brodie
United States District Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Coleman v. Home Box Office, Inc., Case No. 18-cv-03510 (MBK(PK)**

Dear Judge Brodie:

We represent Plaintiff Joe Coleman in the above-referenced matter. We write in response to Defendants' letter requesting a pre-motion conference in advance of filing a motion to dismiss the Complaint. The request should be denied and the Defendants should be required to answer the Complaint without further delay.

First, it should be noted that none of the cases cited in Defendants' letter involved a motion to dismiss. This is not surprising because cases granting motions to dismiss based on the fair use defense are extremely rare. Hirsch v. CBS Broad. Inc., No. 17 Civ. 1860, 2017 U.S. Dist. LEXIS 123468 at *18-19 (S.D.N.Y. August 4, 2017). In virtually all cases, discovery is needed to resolve fair use claims. Id.

In Hirsch, for example, CBS reproduced a substantial portion of the plaintiff's photograph and used it in an episode of *48 Hours*. The Court reasoned as follows:

> CBS's claim that appropriating the Photo for this purpose was fair use will therefore turn[] on an assessment of the context and content of the Episode. One issue will be whether CGS's use qualifies as "news reporting" or "commentary," and thus a favored use under the statute. While the court could hazard an assessment of this factor based on the four corners of the Episode, discovery of the Episode's overall context and content will enable a more careful assessment of how and whether the Episode's use of the Photo "serv[ed] the public by providing access to important . . . information." Relatedly, CBS's claim that its use of the Photo was "transformative" is not self-evidently correct based on a visual inspection. CBS included the Photo in the Episode, making no changes in it except the apparently non-substantive change of cropping it. Its inclusion of the heart

P.O. Box 665 • 60 June Road, Suite 202 • North Salem, New York 10560 • 914-886-8198
kdaniels@katherinedanielsllc.com

of the Photo in a discussion of events from some seven years ago does not so obviously "imbue [the Photo] with a character . . . different from that for which it was created," as to permit a finding, on the face of the pleadings, of transformative character. . . [Further development of the record is warranted, to clarify what, if any, new insights and understandings were created by CBS's use of the Photo here.

Hirsch, No. 17 Civ. 1850, 2017 US. Dist. LEXIS 123468 at *20-21 (citations omitted).

The present case is indistinguishable. Here, as in Hirsch, HBO's claim of fair use will turn on an assessment of the context and content of the *Beware the Slenderman* (the "Film") and, as in Hirsch, it is not "self-evidently correct" based on a visual inspection of the Film that the use was transformative.[1] HBO made no changes to the Painting and indeed included the entire Painting in the Film, slowly panning the camera from bottom to top for at least a minute. Compl. ¶ 10. As Defendants' letter itself demonstrates, it is not obvious that the Film imbued the Painting with a character different form that for which it was created, other than to falsely label it as Internet art. Indeed, Defendants' description of the "themes" of the Film are not very different at all from the "themes" depicted in the Painting. Plaintiff is well known for his paintings about the vulnerabilities of the human psyche and, specifically, how impressionable people are drawn to perverse, disturbing subject matter. Compl. ¶ 11. The Painting and the Film are very much in keeping with this over-arching theme. Discovery is needed to clarify what, if any, new insights and understandings were created by HBO's unauthorized use of the Painting in the Film.

Similarly, Defendants' argument that Plaintiff's Painting is "largely derivative" of the police mug shots of Weier and Geyser also cannot thoughtfully and purposefully be assessed from the four corners of the Complaint. However, it is fairly clear from a visual analysis of the Painting that the argument is a stretch. Compl. Ex. 1.

Contrary to the second point in Defendants' letter, the Complaint clearly alleges direct infringement in Count I. Paragraph 19, for example, reads as follows:

Defendants, without the permission or consent of Plaintiff, made or caused to be made reproductions of all or significant portions of the Works and used them in *Beware of the Slenderman*, which is distributed world-wide to more than 125 million subscribers of HBO's satellite and cable television service. *Beware of the Slenderman* is also available on YouTube and other Internet services.

There can be no doubt that this is a claim of direct infringement.

---

[1] Defendants do not argue that the Film constitutes "news reporting".

For the foregoing reasons, Defendants request that the Court schedule a pre-motion conference and/or grant them leave to file a motion to dismiss should be denied and the defendants should be ordered to answer the Complaint without further delay.

>Respectfully submitted,
>
>*Katherine J. Daniels*
>
>Counsel for Plaintiff

cc: Stacey Richman, Esq.
    Counsel for Defendants via ECF